UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAKOTA J. KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN MEEKS,<br><br>Defendant. | CAUSE NO. 1:26-CV-394-JD-AZ |

OPINION AND ORDER

Dakota J. Kennedy, a prisoner without a lawyer, filed an amended complaint alleging that "Judge Nathan Meeks violated [his] right by overseeing and doing [his] initial hearing which is a conflict of interest based on him being [his] attorney once." A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only

when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Regardless of any alleged conflict of interest, conducting an initial hearing was within the jurisdiction of Judge Meeks. Nothing in Kennedy's complaint suggests that Judge Meeks's allegedly wrongful conduct occurred outside the course of his duties as a judge. He therefore has judicial immunity.

It is legally frivolous to sue a judge who has judicial immunity. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because it is frivolous.

SO ORDERED on October 29, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT